UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re<br>Lee H. Pulsifer and<br>Laura L. Pulsifer,<br>        Debtors. | Chapter 13<br>Case No. 12-36562-svk |
| Lee H. Pulsifer, et al.,<br>        Plaintiffs,<br>v.<br>U.S. Bank, N.A.,<br>as Trustee for Citigroup Mortgage<br>Pass-Through Certificates Series 2007-AR4, et al.,<br>        Defendants. | Adversary Case No. 13-02176 |

DECISION AND ORDER DENYING MOTION
FOR RELIEF FROM JUDGMENT

The District Court withdrew the reference of this adversary proceeding, granted judgment for the Defendants on the common law claims, and remanded the case to this Court to determine the Debtors' core bankruptcy claims that the mortgage creditor lacked standing. After reviewing the original promissory note, the Debtors eventually conceded the standing issue, and the Court dismissed the adversary proceeding. A series of appeals and motions followed. This motion for relief from the dismissal order is the Debtors' latest attempt to revive their appeal rights in the Seventh Circuit Court of Appeals.

FACTS AND PROCEDURAL BACKGROUND

The Debtors, Lee and Laura Pulsifer, filed a Chapter 13 petition on November 20, 2012. They proposed a plan that did not provide any payment to their mortgage creditor, U.S. Bank, acting as trustee for a securitized trust. U.S. Bank objected to this treatment, and the Debtors filed an adversary proceeding against U.S. Bank and Wells Fargo (the "Defendants") and objected to U.S. Bank's proof of claim. The Debtors' amended complaint alleged two claims

that the Defendants lacked standing in the bankruptcy case and three common law causes of action arising out of the Defendants' failure to grant the Debtors a loan modification. (ECF No. 4.)[1]

At a preliminary hearing on the claim objection, the Court asked whether the Defendants consented to this Court's entry of a final judgment in the adversary proceeding; assuming they did not, the Court suggested that the Defendants could file a motion to withdraw the reference to the District Court, rather than incur the expense of this Court entering proposed findings and conclusions that would be reviewed *de novo* by the District Court. The Defendants subsequently filed a motion to withdraw the reference. (ECF No. 11.) The Debtors consented to the District Court hearing and determining all issues. (ECF No. 12.) Shortly thereafter, U.S. Bank filed a motion for relief from stay, and the Debtors moved to withdraw the reference of that motion to the District Court. The District Court granted both motions to withdraw the reference. (ECF No. 15.)

The parties filed cross-motions for summary judgment in the District Court. On September 23, 2014, the District Court issued a decision and order (1) denying the Debtors' motion for summary judgment; (2) granting the Defendants' motion for summary judgment on the common law causes of action; (3) directing the clerk to enter judgment in favor of the Defendants on the Debtors' claims for breach of the duty of good faith and fair dealing, promissory estoppel and negligence; and (4) remanding the action to this Court for adjudication of the standing issue. (ECF No. 16.)

After the remand, the Court held a status conference to address the standing issue, and the parties requested an adjournment until the Defendants could produce the original promissory

---

[1] Except where noted in reference to the dockets in the District Court, the ECF references are to the docket in this adversary proceeding.

note. They agreed that that production of the original note could resolve all open issues in the adversary proceeding. The Court adjourned the status conference to January 6, 2015. At that time, the Debtors conceded that they had reviewed the note and that they did not have a colorable claim against the Defendants' standing. The Court's docket entry states that based on the statements made on the record, the Court dismissed the adversary proceeding. The Defendants' counsel submitted an order dismissing the adversary proceeding which the Court signed on January 14, 2015 (the "January 14 Order"). (ECF No. 25.)

The appeal period for the January 14 Order expired on January 28, 2015. Fed. R. Bankr. P. 8002. On February 2, 2015, the Debtors filed a Motion to Extend Time to Appeal and a Notice of Direct Appeal. (ECF Nos. 27, 28.) The Defendants objected, and the Court held a hearing on the motion. (ECF No. 33.) At the hearing, the Court clarified that the Debtors' purpose in appealing was to appeal the District Court's decision dismissing their common law claims. (ECF No. 38.) There was discussion about how the Debtors should proceed in the District Court, including the Court's suggestion that "maybe you can ask him to treat [the January 14 Order] as proposed findings for him." (*Id.*) The Court granted the motion to extend the time to appeal, and the Debtors proceeded with their appeal in the District Court. (ECF Nos. 28, 34, 37.) The District Court docketed the appeal with a new number, 15-cv-00224.

On February 26, 2015, at the same time as the Debtors were pursuing their appeal, the Debtors filed a Motion to Approve Findings in the original District Court case where the reference was withdrawn. (District Court Case 13-cv-00648, ECF No. 45.) In that motion, the Debtors asked the District Court to approve the findings in the January 14 Order and to enter a final order to allow for an appeal of the common law claims decided by the District Court. (*Id.*)

On March 5, 2015, Judge Randa granted the Debtors' motion and approved the findings and conclusions of this Court. (*Id.*, ECF No. 46.) On March 16, 2015, the Defendants asked the

District Court to reconsider the March 5, 2015 Order, arguing that the January 14 Order was a final order in a core proceeding that did not need to be approved. (*Id.,* ECF No. 48.) Despite the motion for reconsideration, on March 20, 2015, the Debtors filed correspondence asking this Court and the District Court to withdraw the notice of appeal. (ECF No. 40; District Court Case 15-cv-00224, ECF No. 6.) This is especially puzzling in light of the Defendants' apparent concession that an appealable order of all prior rulings of the District Court could have been entered in connection with the appeal. (District Court Case 13-cv-00648, ECF No. 49 at 10.)

On April 3, 2015, the Debtors filed a notice of appeal with the Seventh Circuit. (*Id.*, ECF No. 52.) On April 23, 2015, the District Court granted the Defendants' motion to reconsider. (*Id.*, ECF No. 58.) The District Court noted that "[w]hat the Debtors should have done to preserve their right to review in the Seventh Circuit was to file a direct appeal from the bankruptcy court's January 14 Order."[2] (*Id.* at 2.) The Court noted that the Debtors' Motion to Approve the Findings was a "backdoor attempt to extend the time to file an appeal." (*Id.* at 3.) On May 7, 2015, the Debtors voluntarily withdrew their appeal to the Seventh Circuit. (*Id.*, ECF No. 59.)

On August 25, 2015, the Debtors filed the instant motion to reconsider the January 14 Order and to instead issue proposed findings of fact and conclusions of law for consideration by the District Court. (ECF No. 42.) The Debtors cite Federal Rule of Civil Procedure 60(b) and assert two grounds for relief: (1) that the failure of counsel to request proposed findings of fact and conclusions of law from this Court in January 2015 amounts to excusable neglect under Rule 60(b)(1); or (2) the confusing development and posture of the case justifies relief pursuant to Rule 60(b)(6). The Defendants oppose the Debtors' request for reconsideration.

---

[2] By "direct appeal," the District Court was not referring to the procedure in 28 U.S.C. § 158(d) for appeals of bankruptcy court decisions directly to the court of appeals. This is evident from the District Court's citation to *In re Bronk*, 775 F.3d 871, 874 (7th Cir. 2015).

ANALYSIS

Bankruptcy Rule 9024 makes Federal Rule of Civil Procedure 60(b) applicable to adversary proceedings. Federal Rule of Civil Procedure Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect
> . . .
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The Debtors claim that their failure to ask this Court to enter findings of fact and conclusions of law amounts to excusable neglect. In *Pioneer Investment Services Co. v. Brunswick Associates L.P.,* the Supreme Court provided guidance as to the meaning of the term "excusable neglect." 507 U.S. 380, 395 (1993). According to *Pioneer,* the word "neglect" encompasses negligence and carelessness. Whether a particular instance of neglect is "excusable" is an equitable determination, and a court must take into account all relevant circumstances, including (1) the danger of prejudice to the adverse party; (2) the length of any delay caused by the neglect and its effect on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith.

In *Pioneer,* the creditor missed the deadline for filing a proof of claim. Here, the Debtors lost their opportunity to appeal the District Court's dismissal of their common law claims to the Seventh Circuit Court of Appeals. The appeal rights were lost when the Debtors withdrew their appeal in the District Court. Presumably, in dismissing their appeal, the Debtors' counsel relied on the District Court's entry of the order approving the Court's findings of fact and conclusions of law. But the Defendants had moved for reconsideration of that very order, rightfully arguing

5

that the January 14 Order was a final order that this Court had authority to enter. The Debtors now argue that their failure to ask this Court for proposed findings and conclusions in the first place was excusable neglect.

But the January 14 Order involved a core proceeding – the standing of a creditor to file a proof of claim – and proposed findings and conclusions would not have been appropriate. Under 28 U.S.C. § 157(b)(2), bankruptcy judges may hear, determine and enter final orders in core proceedings. Only in non-core proceedings in which the parties do not consent, the bankruptcy court "*shall* submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court." 28 U.S.C. § 157(c) (emphasis supplied). As Judge Randa aptly noted in original Decision and Order dismissing the common law claims and remanding the core claims: "[The District Court] is not the proper forum to adjudicate the [Debtors'] claims with respect to U.S. Bank's alleged lack of standing or interest in the Chapter 13 proceedings." (ECF No. 16 at 15.) This Court had the power to enter a final order on the standing issue either as a threshold bankruptcy issue or because the parties consented. *See Wellness Int'l Network, Ltd. v. Sharif,* 135 S. Ct. 1932, 1947 (2015) (litigants' consent to the entry of final orders by bankruptcy judges obviate jurisdictional problems that might otherwise exist). Under the circumstances, and especially given the District Court's own directive on the matter, this Court should not have entered proposed findings and conclusions for the District Court.

Judge Randa's order dismissing the common law claims and remanding the standing issue to this Court was not a final order. *See In re A.G. Fin. Serv. Ctr., Inc.*, 395 F.3d 410, 413 (7th Cir. 2005) ("Finality is essential to appellate jurisdiction, and a remand almost always shows that the district court's decision is not final."); *see also In re Powelson*, 878 F.2d 976, 981 (7th Cir. 1989) (district court's order was not final because it did not complete the litigation and leave

6

nothing more for the district court or bankruptcy court to do); *In re Comer*, 716 F.2d 168, 172 (3d Cir. 1983) (district court order granting relief from stay was final because there was no further action for district court or bankruptcy court to take). Once this Court entered the January 14 Order, the Debtors could have appealed to the District Court. Indeed they recognized that ability by filing a motion to extend the appeal period. The Court regrets discussing at the hearing whether the 30-day appeal period for District Court decisions would more properly apply since the "substantive" issues had been decided by the District Court. The 14-day appeal period applied, and the Court acted within its discretion to extend that period.

Judge Randa's dismissal of the common law claims only ended one part of the litigation. When this Court dismissed the remaining claims, the Debtors had a final order that was appealable to the District Court and then, when the District Court summarily affirmed, to the Seventh Circuit Court of Appeals. This would have been similar to the track taken in *Cirilli v. Bronk (In re Bronk)*, 775 F.3d 871, 874 (7th Cir. 2015). In *Bronk*, the district court issued a decision and remanded part of the case back to the bankruptcy court. After the bankruptcy court's decision on remand, the debtor appealed again. The district court then entered a summary order, and the parties appealed to the Seventh Circuit Court of Appeals. The Seventh Circuit noted that "The issues before us now were presented to and decided by the district court in its initial opinion, which became final and appealable upon entry of the final judgment after the case returned following the remand to the bankruptcy court." *Id.* at 874 n.2. Similarly here, Judge Randa's decision dismissing the common law claims would have become final and appealable after this Court's dismissal of the remaining claims by the January 14 Order.

In short, the procedural posture of this case was unusual in that the District Court withdrew the reference, decided the common law claims and remanded the standing claims. The District Court could have decided all of the claims and issued one final order which the Debtors

7

could have appealed. But the District Court also had the option to remand the core claims to this Court for entry of a final order on those claims.

The Debtors properly appealed that order, but then they filed a motion to treat the Court's final order as proposed findings and conclusions. When the District Court granted that motion, they dismissed their appeal. But the Defendants had filed a motion to reconsider the motion to approve the findings and conclusions that the District Court eventually granted. The neglect here is dismissing the appeal in light of the motion for reconsideration. A different outcome is entirely possible if the motion to reconsider had been filed after the Debtors dismissed their appeal.

The Fifth Circuit Court of Appeals analyzed an analogous scenario in *Pettle v. Bickham (In re Pettle)*, 410 F.3d 189, 192 (5th Cir. 2005) and explained:

> In this case, however, Bickham's negligence did not just involve a missed filing deadline. Rather, his predicament stems from his voluntary motion to dismiss with prejudice his own adversarial action. While *Pioneer* guides an analysis of "excusable neglect" within the context of Bankruptcy Rule 9006(b)(1), nothing in the Supreme Court's opinion changes the well-established rule that "inadvertent mistake . . . gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief . . . . In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning*, 6 F.3d 350, 356-57 (5th Cir. 1993). Similarly, "the broad power granted by [Rule 60(b)](6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." *Id*; *see also McCurry v. Adventist Health Sys./Sunbelt*, 298 F.3d 586, 592 (6th Cir. 2002) ("neither strategic miscalculation nor counsel's misinterpretation of the law warrants relief from judgment."); 46 AM.JUR.2D Judgments § 823 (2004) ("As a general rule, parties seeking relief from judgment on the basis of surprise, mistake, inadvertence, or excusable neglect under the Federal Rules are denied relief from the result of voluntary actions on their part."); 11 C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2858 (2d ed. 1995) ("Voluntary action also may estop a party from seeking relief on the ground of mistake or excusable neglect . . . . This includes matters such as . . . voluntary dismissals, even when based on erroneous facts.").

8

The Fifth Circuit concluded that Bickham's dismissal of his case without fully understanding the consequences of his decision on his state court action did not constitute excusable neglect. *Id*. at 193. *See also Norgaard v. DePuy Orthopaedics*, 121 F.3d 1074, 1075 (7th Cir. 1997) (ignorance of the Supreme Court's docket although "neglect" is not "excusable" and does not justify untimely appeal). Here, the Debtors voluntarily dismissed their appeal, not comprehending the effect the dismissal would have on their ability to perfect an appeal in the Court of Appeals. That is neglect, but as in *Pioneer*, *Bickham* and *Norgaard*, it is not excusable.

The Debtors also argue that the confusing development and posture of the case warrants relief under Rule 60(b)(6). This is an "extraordinary remedy." *Merit Ins. Co. v. Leatherby Ins. Co.,* 714 F.2d 673, 682 (7th Cir. 1983). The movant must show "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986). Moreover, by citing excusable neglect, a ground for relief under Rule 60(b)(1), the Debtors cannot claim that the same circumstances entitle them to relief under Rule 60(b)(6). *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998) ("60(b)(6) relief is available only when sections (b)(1) through (b)(5) do not apply.") Since the Debtors' principal argument is that excusable neglect precipitated the loss of their appeal rights, this Court cannot grant relief under Rule 60(b)(6).

IT IS THEREFORE ORDERED: The Debtors' Motion for Relief from Judgment is denied.

Dated: November 2, 2015

                                            By the Court:

                                            Susan V. Kelley
                                            Chief U.S. Bankruptcy Judge